### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-21569-CIV-UNGARO
### CASE NO. 09-23303-CIV-UNGARO

JOSE G. TAPIA,

      Plaintiff,

v.

FLORIDA CLEANEX, INC. and
LUIS LOAIZA,

      Defendants.

_____

GUSTAVO COLLADO,

      Plaintiff,

v.

FLORIDA CLEANEX, INC. and
LUIS LOAIZA,

      Defendants.

_____/

### <u>OMNIBUS ORDER</u>

      THIS CAUSE is before the Court upon Plaintiffs' Motions for the Court to Find

FLSA Enterprise Coverage as a Matter of Law, both filed May 13, 2011.[1]  (Case No. 09-

_____

[1] On May 11, 2011, Plaintiff Tapia moved to consolidate his case with Plaintiff Collado's case. The Court granted Plaintiff's Motion and consolidated the causes for trial purposes on July 6, 2011.  The Plaintiff in each case filed the same Motion for the Court to Find FLSA Enterprise Coverage as a Matter of Law.  Accordingly, the Court addresses those Motions, as well as the other relevant pending matters in this consolidated Omnibus Order.

23303-CIV-UNGARO, hereinafter "*Collado*," D.E. 66 & Case No. 09-21569-CIV-UNGARO, hereinafter "*Tapia*," D.E. 42.)  Also before the Court is Defendants' Renewed Motion for Summary Judgment, filed May 18, 2011 in the *Collado* case.[2]  (*Collado*, D.E. 68.)  The Motions are fully briefed and ripe for disposition.

THE COURT has considered the Motions and the pertinent portions of the record and is otherwise fully advised in the premises.

# I

Each Plaintiff claims his former employers, Defendants Florida Cleanex ("Cleanex") and Luis Loaiza, failed to pay him overtime wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–216 (2006).  Accordingly, on June 9, 2009, Tapia filed a single-count Complaint against Cleanex and Loiaza under § 216(b), seeking payment of unpaid overtime wages and other available damages, and on October 30, 2009, Collado filed a single-count Complaint against Cleanex and Loaiza under § 216(b), seeking payment of unpaid overtime wages and other available damages.

---

[2]  The Court notes, with respect to Collado's Motion for the Court to Find FLSA Coverage as a Matter of Law and Defendants' Renewed Motion for Summary Judgment, that both Motions were filed after the deadline for filing pre-trial motions was closed.  (*See Collado*, D.E. 64, 66 & 68.)  Accordingly, the Court could strike the Motions solely on that basis.  However, because the Court has consolidated Collado's and Tapia's actions for trial purposes and the issue raised in Collado's Motion for the Court to Find FLSA Coverage as a Matter of Law is common to both cases, the Court excuses the untimely nature of that Motion.  And in the interest of fairness, the Court will also excuse the untimely nature of Defendants' Renewed Motion for Summary Judgment and consider that Motion on the merits.  The undersigned notes, however, that she will strike any subsequently filed pre-trial motions filed in the *Collado* case as untimely.

Defendants previously moved for summary judgment in both cases on the grounds that FLSA coverage was lacking.  (*Collado*, D.E. 39 & *Tapia*, D.E. 5 & 9.)  In each case, Defendants argued that the individual Plaintiff was not engaged in interstate commerce and that Cleanex, as an enterprise, was not covered by the provisions of the FLSA.

The Court granted Defendants' Motions for Summary Judgment, concluding that the individual Plaintiffs were not individually covered under the FLSA and that enterprise coverage did not apply to Cleanex.  (*Collado*, D.E. 48 & *Tapia*, D.E. 18.)  With respect to enterprise coverage, the Court noted that, although Plaintiffs and other Cleanex employees regularly used cleaning products manufactured outside the state of Florida, there was no disputed issue of fact as to whether the supplies were purchased within Florida.  In line with the findings of several other courts in the Southern District of Florida, the undersigned found that, because the cleaning products were purchased locally, Cleanex was not engaged in interstate commerce, and the FLSA did not apply to the instant cases.  Plaintiffs appealed the Court's decisions.  (*Collado*, D.E. 50 & *Tapia*, D.E. 21.)

Thereafter, the Court of Appeals for the Eleventh Circuit heard a consolidated appeal of six FLSA cases; in each case, the plaintiffs argued the defendant employers were covered enterprises and provided some evidence that some of the items used in the course of their employment came from outside Florida.  *See Polycarpe v. E & S Landscaping, Inc.*, 616 F.3d 1217 (11th Cir. 2010).  As discussed in greater detail below,

the Court of Appeals reversed the respective district courts' findings that enterprise coverage did not exist for the subject defendants solely because the items in question were purchased locally. *See id.*

In light of the holding in *Polycarpe*, the Court of Appeals vacated this Court's Orders granting summary judgment for Defendants and remanded the matters for further proceedings. (*Collado*, D.E. 60 & *Tapia*, D.E. 38.)  Plaintiffs now move the Court to find FLSA coverage as a matter of law. (*Collado*, D.E. 66 & *Tapia*, D.E. 42.)  And, with respect to Collado, Defendants have renewed their Motion for Summary Judgment. (*Collado*, D.E. 68.)

## II

Cleanex is a commercial cleaning company that provides janitorial services in Florida.[3] (*Collado*, D.E. 68-1 ¶¶ 5 & 6.)  Loaiza is the owner and president of Cleanex and is in charge of the day-to-day operations of the company. (*Collado*, D.E. 70-6, at 3:19–4:18.)  Cleanex employed Collado as a cleaning laborer from February through October 2009. (*Collado*, D.E. 70-6, at 5:10–19.)  Cleanex employed Tapia as a cleaning laborer from February through May 2009. (*Tapia*, D.E. 14-15, at 7:20–8:3.).

Cleanex has roughly 100 janitorial employees and provides cleaning services in 25 to 30 buildings in southeast Florida. (*Collado*, D.E. 70-7, at 5:22–6:19.)  Cleanex

---

[3]  The parties in both cases submitted many of the same documents in support of their respective Motions and Responses.  In the interest of convenience and to avoid redundancy, where the parties cite to and rely upon a single document for a given fact or proposition, the Court refers to the document as cited in the *Collado* case.

performs no services outside the state of Florida.  (*Collado*, D.E. 68-1 ¶ 7; 70-7, at 6:6–11.)  At all relevant times, Cleanex purchased its cleaning supplies and equipment from janitorial-supply companies located in Florida.  (*Collado*, D.E. 68-1 ¶ 6; D.E. 70-7, at 12–15.)  Several of the cleaning products regularly used by Cleanex employees were produced outside the state of Florida.  (*Collado*, D.E. 70-3.)  Cleanex grossed more than $500,000 in 2007 and 2008 and $125,000 during the first three months of 2009. (*Collado*, D.E. 70-10.)

At all relevant times, Cleanex used a bi-monthly pay period; the first through the fifteenth of the month comprised the first period, and the sixteenth through the end of the month, the second.  (*Collado*, D.E. 68-1 ¶ 9; D.E. 68-1, at 4–20.)  At the end of each pay period, Collado reported the hours he worked each day during that period to a Cleanex employee, who entered the information into a chart.  (*Collado*, D.E. 68-1 ¶ 9; D.E. 68-2, at 35:17–20; D.E. 70-8, at 20:22–21:11.)  Cleanex paid Collado by check twice monthly, on the 8th and the 23rd of each month.  (*Collado*, D.E. 68-1 ¶ 9; D.E. 70-8, at 21:12–17.)

### III

Summary judgment is authorized only when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  The Supreme Court explained in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), that when assessing whether the

movant has met this burden, the court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion.

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989).

If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[4]  Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).  If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Impossible Elecs. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is

---

[4]    Decisions of the United States Court of Appeals for the Fifth Circuit entered before October 1, 1981, are binding precedent in the Eleventh Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

'genuine,' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160.  The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611–12 (5th Cir. 1967).  The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

## IV

Plaintiffs request that the Court find FLSA coverage as a matter of law.  To establish a claim for unpaid minimum or overtime wages under the FLSA, a plaintiff must show either that he was engaged in commerce or in the production of goods for commerce (individual coverage) or that the defendant employer is an enterprise engaged in commerce or in the production of goods for commerce (enterprise coverage).  29 U.S.C. § 207(a)(1); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265 (11th Cir. 2006).  Plaintiffs argue only that the Court should find that Cleanex is a covered enterprise as a matter of law.

> Enterprise coverage exists when the employer
>
> (i)     has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii)    has an annual gross volume of sales made or business done that is not less than $500,000.

*See* 29 U.S.C. § 203(s)(1).  Defendants concede that the second prong of this test (annual gross income greater than $500,000) is satisfied.  Therefore, only the first prong is at issue.

To satisfy the first prong, a plaintiff must demonstrate that, on a regular and recurrent basis, at least two of defendants' employees engaged in commerce or handled goods or materials that have been moved in commerce.  *See* 29 C.F.R. § 779.238 (2009). Here, Plaintiffs argue that they and other cleaning laborers who worked for Defendants regularly handled materials that moved in interstate commerce, namely, cleaning supplies and equipment manufactured and distributed from points outside Florida.

The Court of Appeals for the Eleventh Circuit recently clarified the definition of "materials" in the context of enterprise coverage under the FLSA: "'materials' in the FLSA means tools or other articles necessary for doing or making something." *Polycarpe*, 616 F.3d at 1224.  Materials may qualify for enterprise coverage even if they were purchased locally, so long as they previously moved in or were produced for interstate commerce.  *Id.* at 1221.  For an item to count as a qualifying "material," it must

8

also have a significant connection to the employer's commercial activity. *Id.* at 1226. Thus, china plates produced out of state may count as materials for a caterer who uses the plates in providing catering services, though the same plates cannot count as materials for an accounting firm that mounts the plates as decoration on its lobby walls. *Id.* The Court of Appeals, in reaching its decision in *Polycarpe*, cited to the legislative history of the 1974 amendments to the FLSA, which added the term "materials" to the Act and noted that Congress intended the addition to include such items as the "soap used by a laundry." *Id.* (citation omitted).

In light of the recent holding of the Court of Appeals, it is clear that the type of cleaning supplies—including cleaning products and equipment—used by Plaintiffs and other Cleanex workers qualify as "materials" under the FLSA, as they are the tools or articles necessary for cleaning and have a significant connection to Cleanex's commercial activity. *See Polycarpe*, 616 F.3d at 1224–26. Thus, a cleaning company whose employees regularly use cleaning products or equipment manufactured outside the state is a covered enterprise under the FLSA.

In support of their Motions, Plaintiffs present the affidavit of Plaintiff Tapia, who attests that, in his work for Cleanex, he and several other Cleanex employees regularly used a bleach product, upon which was printed "EPA Est. No. 106-GA-001," and another cleaning product, upon which was printed "EPA Est. No. 5813-MS-1."[5] (*Collado*, D.E.

---

[5]     Tapia's attestation regarding the establishment numbers printed on the labels of cleaning products does not amount to hearsay, because the establishment numbers on the labels are not

70-3 ¶ 4.)   The two letters in the middle of an "EPA establishment number" indicate the state in which a product approved for antimicrobial or pesticidal purposes by the Environmental Protection Agency is produced.  40 CFR § 156.10.  Tapia's affidavit, considered in conjunction with the EPA regulation, of which the Court takes judicial notice, is competent evidence that cleaning products regularly used by Cleanex employees were produced outside Florida, namely in Georgia and Mississippi.

Defendants have not produced any evidence that raises a genuine issue of fact as to whether some of the products regularly used by Cleanex employees in connection with their work were produced outside the state of Florida, and thus, necessarily moved in interstate commerce.[6]  Accordingly, on this record and in light of the holding in *Polycarpe*, Cleanex is a covered enterprise under the FLSA.

## V

With respect to Collado, Defendants have moved for summary judgment on several grounds: first, Defendants argue that Collado self-reported the hours he worked and was paid for all reported hours; second, Defendants argue that, even if Collado

---

statements for the purpose of Federal Rule of Evidence 801(c).  *See United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992) (holding that inscription on firearm of words "Garnika, Spain" was not hearsay and was admissible as circumstantial evidence of the place of the firearm's manufacture).  And, per Federal Rule of Evidence 902(7), trade inscriptions or labels "purporting to have been affixed in the course of business and indicating ownership, control, or *origin"* are self-authenticating.  Fed. R. Evid. 902(7) (emphasis added).

[6]   Defendants argue that the labels on the products examined by Tapia may have been altered or in some way changed after Tapia and Collado used them in the course of their employment.  Defendants, however, have adduced no evidentiary support for this contention, and, thus, have not raised a genuine issue of fact with respect to the issue.

worked overtime hours for which he was not properly compensated, he cannot meet his burden of proving the fact or extent of the uncompensated overtime work; and third, Defendants argue that FLSA coverage does not exist.  The Court addressed above the issue of FLSA coverage; accordingly, the Court addresses Defendants' remaining arguments in turn below.[7]

A.     *Collado Was Paid for All Hours Worked*

Defendants first argue that Collado was paid for all the hours he worked and reported to Cleanex.  They contend that Collado's pay stubs accurately reflect the hours he worked and note that some of the pay stubs, submitted with Defendant Loaiza's affidavit, indicate that Collado was paid for overtime hours.  (*Collado*, D.E. 68-1, at 4–20.)  Moreover, Defendants argue that Collado testified in a deposition given in the *Tapia* case, prior to the filing of his own case, that Cleanex paid him for all the time he worked.  Collado should not, Defendants argue, now be permitted to create an issue of material fact by submitting an affidavit that contradicts, without explanation, previously given clear testimony.  (*Collado*, D.E. 68, at 6.)

In response, Collado argues that he was not properly paid for the overtime hours he

_____

[7] Defendants also argue that, "because [Collado] self-reported his hours, if [Collado] now claims that he worked time that he did not report, such time would not be compensable because it is time that the Defendants did not know (and should not have known) was worked, assuming *arguendo* that such time was really worked." (*Collado*, D.E. 68, at 11.)  In his Response, Collado does not contend that he worked time that he did not report; rather, the crux of Collado's claim is that he was not compensated for time that he reported.  The Court, thus, need not address Defendants' argument regarding a claim Collado does not make.

worked and submits an affidavit in which he attests that he worked, on average, 44 hours per workweek during his employ with Defendants and was not compensated for all the overtime hours he worked.  (*Collado*, D.E. 70-1 ¶ 4.)  Collado also attests that, at the time of his deposition as a non-party witness in the *Tapia* case, he had not yet reviewed any of his pay stubs or time records.  (*Collado*, D.E. 70-1 ¶ 3.)  Moreover, Collado points to the portion of that deposition in which he testified that he usually worked more than 40 hours per workweek.  (*Collado*, D.E. 68-2, at 46:11–19.)  And when asked whether he was paid overtime wages, Collado answered, "No.  I told you I have to check."  (*Collado*, D.E. 68-2, at 46:20–21.)

Based upon both Collado's testimony at his *Tapia* deposition and his sworn affidavit, the Court finds that a genuine issue of material fact exists as to whether Defendants properly compensated him for all the hours he worked.  Defendants' contention that the Court should disregard his affidavit because it contradicts his earlier sworn deposition testimony is unavailing, and the authority to which Defendants cite for this proposition is inapposite; in *Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656 (11th Cir. 1984), the Court of Appeals for the Eleventh Circuit held: "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Junkins*, 736 F.2d at 657.

In his *Tapia* deposition, however, Collado did not give a clear answer to an unambiguous question regarding his overtime compensation.  Though he did state at one point that he was paid for all the time he worked for Defendants, later in the deposition he stated that he usually worked more than 40 hours per week and was not paid for overtime. (*Collado*, D.E. 68-2, at 36:6–8, 46:6–21.)  Collado also noted that, at the time of the deposition, he had not checked his records regarding his hours worked and overtime pay. (*Collado*, D.E. 68-2, at 38:11–9–17, 46:21.)  And in his affidavit, he explains that, after "having had the opportunity to review [his] pay stubs and after having had an opportunity to remember [his] weekly work schedule, [he] can ... state that [he] worked an average of 44 hours per week for the Defendants without having been compensated for all of the overtime."  (*Collado*, D.E. 70-1 ¶ 6.)  Collado's affidavit, thus, does not merely contradict, without explanation, previously given clear testimony; indeed, his deposition testimony and affidavit show that a genuine issue of disputed fact exists as to whether Collado was paid for all the hours he worked.  *Cf. Junkins,* 736 F.2d at 657.

In connection with their argument that Collado was paid for all the hours he worked, Defendants also note that Collado has previously sued an employer for FLSA violations and argue that "the serial plaintiff classification alone warrants summary judgment in favor of Defendants."  (*Collado*, D.E. 68, p. 6.)  Defendants liken this argument to a defense of unclean hands and suggest that Collado is "stirring up" or creating litigation.  *Id.*

Defendants' argument on this point is wholly unsupported.  Defendants have put forth no evidence that tends to show that Collado's earlier action was frivolous or meritless; neither have Defendants demonstrated that Collado bears equal responsibility for the violations he seeks to redress in the instant case, so as to support a defense of unclean hands.  Summary judgment in favor of Defendants is, thus, not warranted on this basis.

**B.**     ***Collado's Burden of Proving Damages***

Defendants next argue that the Court should grant summary judgment in their favor because, even if Collado worked overtime hours for which he was not properly compensated, he cannot meet his burden of proving the extent of the unpaid overtime, namely, the amount of his alleged damages.  (*Collado*, D.E. 68, at 8–9.)

An employee who brings a case under the FLSA has the burden of proving that he performed work for which he was not properly compensated.  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  "When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records."  *Id.*  Where, however, "the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes," a relaxed burden-shifting scheme applies.  *Id.*; *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1278–79 (11th Cir. 2008).

Under the relaxed burden-shifting scheme, an employee has carried his burden if:

14

(a) "he proves that he has in fact performed work for which he was improperly compensated"; and (b) he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Anderson*, 328 U.S. at 687. When an employee makes this showing, the burden then shifts back to the employer to produce evidence of the precise amount of work performed or to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.* If the employer fails to produce such evidence, the court may then award damages to the employee, "even though the result be only approximate." *Id.* at 668.

Defendants argue that, because they kept records of the hours Collado worked and reported, the burden remains with Collado to prove by a preponderance of the evidence the amount of unpaid overtime he is due. (*Collado*, D.E. 68, at 9.) It is undisputed that Collado reported the hours he worked per pay period to a Cleanex employee, who testified at deposition that she recorded the daily hours he reported. (*Collado*, D.E. 70-8, at 21.) Those records, though, are not before the Court; the only records of Collado's hours that are before the Court are the copies of his pay stubs attached to Defendant Loaiza's affidavit. (*Collado*, D.E. 68-1, at 4–20.) And in his affidavit, Collado disputes the accuracy of the pay stubs, insofar as he attests that he worked, on average, 44 hours per workweek, which is not reflected in the pay stubs. (*See Collado*, D.E. 68-1, at 4–20; D.E. 70-1 ¶ 6.) A genuine issue of fact, thus, remains as to whether Collado's pay stubs accurately reflect the hours he reported to have worked for Defendants.

15

Defendants next argue that, even if the burden-shifting framework described in *Anderson* does apply, Collado cannot meet his relaxed burden of approximating his unpaid overtime, because at the time of his deposition as a non-party witness in the *Tapia* case, Collado testified that he had no idea how much unpaid overtime he might be due. (*Collado*, D.E. 68, at 9.)  Defendants again argue that Collado should not be allowed to create an issue of fact by a self-serving affidavit, when he previously testified to the contrary.

The Court is unpersuaded.  Though Collado testified at one point during his deposition in the *Tapia* case that he had no idea how many overtime hours he worked, he noted several times during that deposition and in his subsequently executed affidavit that he had not checked his records or pay stubs prior to the deposition.  (*Collado*, D.E. 68-2, at 38:13–24, 46:20–21; D.E. 70-1 ¶ 3.)  And in his affidavit, he attests that he worked approximately four overtime hours per workweek during his term of employment for which he was not properly compensated.  Thus, on this record, a genuine issue of disputed fact exists as to whether Collado worked overtime hours for which he was improperly compensated and can establish the amount and extent of his uncompensated overtime hours as a matter of just and reasonable inference.  *See Anderson*, 328 U.S. at 687.

## VI

For the reasons stated above, is it hereby

ORDERED AND ADJUDGED that Plaintiffs' Motions for the Court to Find FLSA Enterprise Coverage as a Matter of Law (*Collado*, D.E. 66 & *Tapia*, D.E. 45) are GRANTED: for the purpose of these actions, no genuine issue of fact exists as to whether Defendant Cleanex is a covered enterprise under the FLSA. It is further

ORDERED AND ADJUDGED that Defendants' Renewed Motion for Summary Judgment (*Collado*, D.E. 68) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of July, 2011.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of record